UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LEILANI RAINE**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO. 24-265-BAJ-RLB**

**BRANDSAFEWAY LLC, ET AL.**

**ORDER**

Before the Court is Defendant's Motion to Compel Discovery Responses filed on August 28, 2024. (R. Doc. 8). The deadline to file an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.     Background**

On or about April 13, 2023, Leilani Raine ("Plaintiff") initiated this action in the 23rd Judicial District Court, Ascension Parish, Louisiana, naming as defendant BrandSafeway [LLC] ("Defendant") and the fictitious entity XYZ Insurance Company. (R. Doc. 1-1 at 11-13). Plaintiff alleges that she suffered personal injuries while working as an asbestos worker at the BASF plaint in Geismar, Louisiana when she "tripped and fell due to a defective and unreasonably dangerous scaffolding entryway that had been constructed by [Defendant]." (R. Doc. 1-1 at 11-12). Defendant removed this action on April 3, 2024, asserting that an exercise of diversity jurisdiction under 28 U.S.C. § 1332 is proper. (R. Doc. 1).

On June 24, 2024, Defendant served its First Set of Discovery Requests to Plaintiff, which consist of 23 interrogatories and 36 requests for production. (R. Doc. 8-2). Request for Production No. 33 seeks Plaintiff's written authorization consenting to the release of medical, employment, government, and financial records. After Plaintiff failed to provide responses to these discovery requests, the parties held a discovery conference on July 15, in which Plaintiff's

counsel obtained an extension until July 22, 2024 to provide responses. (R Docs. 8-3, 8-4). No responses were provided. Defendant then informed Plaintiff that a motion to compel would be filed if responses were not received by July 26, 2024. (R. Doc. 8-5).

On July 24, 2024, the parties filed a Joint Motion for Entry of Protective Order. (R. Doc. 6). The Court granted the motion and entered the Protective Order, which governs the exchange of confidential information in discovery, into the record. (R. Doc. 7).

It is unclear whether counsel for the parties discussed another extension of Plaintiff's deadline to provide discovery responses. At any rate, on August 15, 2024, Plaintiff's counsel mailed a copy of Plaintiff's responses to the discovery requests, stating in the cover letter that because Plaintiff lives out of state, Plaintiff's counsel would be providing signed releases once she returns to his office. (R. Doc. 8-7 at 1).

On August 20, 2024, defense counsel sent an email stating that if Defendant did not receive "verified responses and signed authorizations" by August 27 at noon, that Defendant would file a motion to compel. (R. Doc. 8-8).

On August 28, 2024, Defendant filed the instant Motion to Compel (R. Doc. 8), which seeks an order compelling Plaintiff to provide signed interrogatory responses and written authorizations and an award of reasonable fees. Plaintiff failed to respond to the instant Motion to Compel with a timely opposition. *See* LR 7(f).

## II.   Law and Analysis

### A.   General Legal Standards for Discovery

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

### B.    Verification of Interrogatories

Plaintiff did not sign or verify, under oath, any of her 23 answers to Defendant's interrogatories.

Rule 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3); *see Dugas v. Mercedes-Benz USA, LLC*, No. 12-02885, 2014 WL 458083, at *2 (W.D. La. Feb. 3, 2014)

(warning counsel that "verification of discovery responses is required" by Rule 33(b)(3) and noting that "further violation of that requirement will not be tolerated). Furthermore, Rule 33(b)(5) provides that the "person who makes the answers must sign them and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5).

Given the foregoing, the Court will order Plaintiff to sign and verify, under oath, her answers to Defendant's interrogatories within **7 days** of the date of this Order. *See Brown v. Clark*, No. 18-1069, 2019 WL 3728274 (M.D. La. Aug. 7, 2019).

  **C.**  **Signed Authorization Forms**

Defendant's Request for Production No. 33 requests Plaintiff to provide written authorization consenting to the release of medical, employment, government, and financial records. (R. Doc. 8-2 at 15-16). Defendant provided the blank authorization forms. (R. Doc. 8-2 at 20-43).

Plaintiff did not object to Request for Production No. 33. Instead, Plaintiff responded with "Attached." (R. Doc. 8-7 at 11). Plaintiff did not, however, provide signed authorization forms. As discussed above, Plaintiff's counsel represented that Plaintiff would sign the authorization forms the next time she traveled to Louisiana and visited Plaintiff's counsel's office. (R. Doc. 8-7 at 1). Plaintiff's counsel did not provide a time frame for when these authorizations would be provided or otherwise explain why Plaintiff could not sign and return the forms by electronic means.

The Fifth Circuit has suggested, in dicta, that Rule 34 may be an appropriate mechanism by which to require a party to sign an authorization form. *See McKnight v. Blanchard*, 667 F.2d 477, 481-82 (5th Cir. 1982). Various district courts have compelled parties to sign authorization forms. *see Baqer v. St. Tammany Par. Gov't*, No. 20-980, 2023 WL 4846828, at *5 (E.D. La.

July 28, 2023) ("[N]umerous courts within the Fifth Circuit, including this Court, have recognized that Rule 34, along with Rule 37, empower federal courts to compel parties to sign written authorizations consenting to the production of various documents.") (citing cases); *see also Zamora v. GC Servs., LP*, No. 15-00048, 2016 WL 8853096, at *4 (W.D. Tex. Aug. 19, 2016) ("Recognizing a split in authority as to whether a party may be compelled to sign an authorization for the release of records through a discovery request under Rule 34, the majority of courts have concluded that a party may be so compelled.") (citing cases).

Here, Plaintiff has had the opportunity (1) to provide written objections to signing the releases and (2) to file an opposition to the instant Motion to Compel explaining why she should not be compelled to sign the authorization forms. Plaintiff has waived her objections with respect to these forms, other than those pertaining to privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Under these circumstances, and given the entry of a Protective Order governing the exchange of confidential information in this action, the will order Plaintiff to execute the authorization forms as sought by Request for Production No. 33 within **7 days** of the date of this Order. *See Brocks v. Prime Prop. & Cas. Ins. Co., Inc.*, No. 22-903, 2023 WL 3102564, at *3 (M.D. La. Apr. 26, 2023).

### D.    Award of Reasonable Expenses

Finally, Defendant seeks an award of reasonable expenses incurred in bringing the instant Motion to Compel.

Rule 37 provides the following:

**(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

   **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

   **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

   **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, the Court will not award recovery of reasonable expenses. Defendant does not argue that Plaintiff's discovery responses dated August 15, 2024 were untimely. The record indicates that after the responses were received, defense counsel did not seek to resolve the specific issues raised in this Motion to Compel by conferring in good faith to obtain verified interrogatory responses and signed written authorizations without court action. Instead, defense counsel sent, by email, a unilateral demand and deadline to provide the foregoing. (*See* R. Doc. 8-8). Defendant does not certify, as required by the Court's Scheduling Order, that defense counsel attempted to confer in person or by telephone for the purposes of amicably resolving the particular issues raised by this Motion to Compel. (*See* R. Doc. 5 at 1).

Under these circumstances, the Court will not award the recovery of expenses.

**III.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** Defendant's Motion to Compel Discovery Responses (R. Doc. 8) is **GRANTED**. Plaintiff shall provide signed and verified interrogatory responses and signed written authorization forms within **7 days** of the date of this Order. Failure to comply with this Order could result in any appropriate sanctions in accordance with the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on September 19, 2024.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**