UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEILANI RAINE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-265-BAJ-RLB** |
| **BRANDSAFEWAY LLC, ET AL.** | |

**ORDER**

Before the Court is Defendant's Motion for Contempt and Enforcement of Court Order ("Motion for Contempt") filed on November 22, 2024. (R. Doc. 12). The deadline to file an opposition has expired. LR 7(f). Accordingly, the Motion for Contempt is unopposed.

**I.    Background**

On or about April 13, 2023, Leilani Raine ("Plaintiff") initiated this action in the 23rd Judicial District Court, Ascension Parish, Louisiana, naming as defendant BrandSafeway [LLC] ("Defendant")[1] and the fictitious entity XYZ Insurance Company. (R. Doc. 1-1 at 11-13). Plaintiff alleges that she suffered personal injuries while working as an asbestos worker at the BASF plaint in Geismar, Louisiana when she "tripped and fell due to a defective and unreasonably dangerous scaffolding entryway that had been constructed by [Defendant]." (R. Doc. 1-1 at 11-12). Defendant removed this action on April 3, 2024, asserting that an exercise of diversity jurisdiction under 28 U.S.C. § 1332 is proper. (R. Doc. 1).

On June 24, 2024, Defendant served its First Set of Discovery Requests to Plaintiff, which consist of 23 interrogatories and 36 requests for production. (R. Doc. 8-2). Request for Production No. 33 sought Plaintiff's written authorization consenting to the release of medical,

---

[1] Defendant represents that its named is BrandSafway LLC. (R. Doc. 1 at 1).

employment, government, and financial records. Plaintiff failed to provide responses to these discovery requests.

On August 28, 2024, Defendant filed a Motion to Compel (R. Doc. 8), which sought an order compelling Plaintiff to provide signed interrogatory responses and written authorizations and an award of reasonable fees. Plaintiff failed to respond to the Motion to Compel with a timely opposition.

On September 20, 2024, the Court granted Defendant's Motion to Compel. (R. Doc. 9). The Court specifically ordered Plaintiff to "provide signed and verified interrogatory responses and signed written authorization forms" by September 27, 2024, and that "[f]ailure to comply with this Order could result in any appropriate sanctions in accordance with the Federal Rules of Civil Procedure." (R. Doc. 9 at 7).

On November 22, 2024, Defendant filed the instant Motion for Sanctions, asserting that Plaintiff failed to comply with the September 20, 2024 discovery order. (R. Doc. 12). The record indicates that defense counsel made several attempts to obtain compliance with the September 20, 2024 discovery order prior to filing the instant motion. (*See* R. Doc. 12-1 at 3-4; *see also* R. Docs. 12-2, 12-3, 12-4, 12-5). As with the underlying Motion to Compel, Plaintiff failed to file any timely opposition to the relief sought within the time allowed by Local Rule 7(f).

**II.    Law and Analysis**

"Federal district courts have the inherent power, as well as the authority expressly granted under the Federal Rules of Civil Procedure, to impose sanctions where warranted." *Reyes v. Julia Place Condominiums Homeowners Association, Inc.*, No. 12-2043, 2016 WL 5871278, at * 2 (E.D. La. Oct. 7, 2016). "When parties or their attorneys engage in bad faith conduct, a court should ordinarily rely on the Federal Rules as the basis for sanctions" prior to

resorting to its inherent powers. *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410 (5th Cir. 1993) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). While "the Federal Rules do not explicitly provide an avenue to sanction attorneys who fail to comply with discovery orders," a court may exercise its inherent powers to sanction discovery abuses by an attorney under its inherent powers. *Id*. at 1410-11.

Rule 37 of the Federal Rules of Civil Procedure provides for the imposition of sanctions against a party who fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Appropriate sanctions include the following:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii)** striking pleadings in whole or in part;
> **(iv)** staying further proceedings until the order is obeyed;
> **(v)** dismissing the action or proceeding in whole or in part;
> **(vi)** rendering a default judgment against the disobedient party; or
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Instead of or in addition to these permitted sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(d)(1)(A)(ii) (providing that the court may order sanctions if "a party, after being served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."). An award of severe sanctions under Rule 37 (such as an award of default judgment) is only appropriate where a lesser sanction would not substantially achieve the desired deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).

Here, Defendant seeks an order "(1) holding [Plaintiff] in contempt of Court, (2) issuing sanctions and/or penalties against [Plaintiff], (3) ordering [Plaintiff] to immediately comply with the Order, (4) awarding attorney's fees to [Defendant], and warning [Plaintiff] that her case will be dismissed for further noncompliance. (R. Doc. 12 at 1).

The Court need not exercise its inherent powers to sanction because the relief sought is awardable as a discovery sanction pursuant to Rule 37(b)(2). The Court will again order Plaintiff to provide signed and verified interrogatory responses and signed written authorization forms and will find Plaintiff in contempt as appropriate under Rule 36(b)(2). The Court will also award a payment of reasonable expenses, including attorney's fees, caused by Plaintiff's failure to comply with the Court's September 20, 2024 discovery order, including attorneys' fees for bringing the instant Motion for Contempt. Finally, the Court will warn Plaintiff (and her counsel) that failure to comply with this order or any other discovery obligations may result in more severe sanctions, which could include dismissal of this action in its entirety.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Contempt and Enforcement of Court Order (R. Doc. 12) is **GRANTED IN PART and DENIED IN PART**. Plaintiff shall provide signed and verified interrogatory responses and signed written authorization forms, as previously ordered on September 20, 2024 (R. Doc. 9), within **7 days** of the date of this Order, or as otherwise agreed upon by the parties. Should Plaintiff fail to comply, Defendant shall file an appropriate motion without the necessity of any further attempt to confer or attempt to secure compliance.

4

**IT IS FURTHER ORDERED** that Plaintiff is found to be in contempt of court for failing to obey the Court's September 20, 2024 discovery order. Any further discovery violations may result in more severe sanctions, including dismissal of this action in its entirety.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs caused by Plaintiff's failure to obey the Court's September 20, 2024 discovery order, as required under Rule 37(b)(2)(C), and that Plaintiff and/or her counsel shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs incurred, Plaintiff and/or her counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37(b)(2)(C), setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within 7 days of the filing of Defendant's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on December 30, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**