UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LEILANI RAINE**                                                                 **CIVIL ACTION**

**VERSUS**                                                                             **NO. 24-265-BAJ-RLB**

**BRANDSAFEWAY LLC, ET AL.**

### ORDER

Before the Court is Defendant's Motion for Fees and Costs filed on January 13, 2025. (R. Doc. 15). The Court provided Plaintiff with 7 days from the filing of this Motion for Fees and Costs to file any opposition. (R. Doc. 13). Plaintiff failed to file any opposition. Accordingly, the Motion for Fees and Costs is unopposed.

This motion was referred to the undersigned for resolution on May 19, 2025.

**I.     Background**

On or about April 13, 2023, Leilani Raine ("Plaintiff") initiated this action in the 23rd Judicial District Court, Ascension Parish, Louisiana, naming as defendant BrandSafeway [LLC] ("Defendant")[1] and the fictitious entity XYZ Insurance Company. (R. Doc. 1-1 at 11-13). Plaintiff alleges that she suffered personal injuries while working as an asbestos worker at the BASF plaint in Geismar, Louisiana when she "tripped and fell due to a defective and unreasonably dangerous scaffolding entryway that had been constructed by [Defendant]." (R. Doc. 1-1 at 11-12). Defendant removed this action on April 3, 2024, asserting that an exercise of diversity jurisdiction under 28 U.S.C. § 1332 is proper. (R. Doc. 1).

On June 24, 2024, Defendant served its First Set of Discovery Requests to Plaintiff, which consist of 23 interrogatories and 36 requests for production. (R. Doc. 8-2). Request for

---

[1] Defendant represents that its named is BrandSafway LLC. (R. Doc. 1 at 1).

Production No. 33 sought Plaintiff's written authorization consenting to the release of medical, employment, government, and financial records. Plaintiff failed to provide responses to these discovery requests.

On August 28, 2024, Defendant filed a Motion to Compel (R. Doc. 8), which sought an order compelling Plaintiff to provide signed interrogatory responses and written authorizations and an award of reasonable fees. Plaintiff failed to respond to the Motion to Compel with a timely opposition.

On September 20, 2024, the Court granted Defendant's Motion to Compel. (R. Doc. 9). The Court specifically ordered Plaintiff to "provide signed and verified interrogatory responses and signed written authorization forms" by September 27, 2024, and that "[f]ailure to comply with this Order could result in any appropriate sanctions in accordance with the Federal Rules of Civil Procedure." (R. Doc. 9 at 7).

On November 22, 2024, Defendant filed a Motion for Contempt and Enforcement of Court Order, asserting that Plaintiff failed to comply with the September 20, 2024 discovery order. (R. Doc. 12). The record indicates that defense counsel made several attempts to obtain compliance with the September 20, 2024 discovery order prior to filing the instant motion. (*See* R. Doc. 12-1 at 3-4; *see also* R. Docs. 12-2, 12-3, 12-4, 12-5). As with the underlying Motion to Compel, Plaintiff failed to file any timely opposition to the relief sought within the time allowed by Local Rule 7(f).

On December 30, 2024, the Court granted in part and denied in part Motion for Contempt and Enforcement of Court Order, ordering Plaintiff to provide signed and verified interrogatory responses and signed written authorization forms, as previously ordered, by January 6, 2024, finding Plaintiff in contempt of court for failing to obey the previous order, and awarding

Defendant reasonable attorney's fees and costs caused by Plaintiff's failure to obey the September 20, 2024 discovery order as required pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. (R. Doc. 13). The Order provided the parties with an opportunity to agree to a reasonable amount of attorney's fees and costs incurred and, in the absence of an agreement, allowed Defendant to file a Motion for Fees and Costs, with any opposition to be filed within 7 days of the filing of that motion. (R. Doc. 13 at 5).

On January 13, 2025, Defendant filed the instant Motion for Fees and Costs. (R. Doc. 15). In this motion, Defendant represents that Plaintiff has not responded to Defendant's attempt to reach an agreement on a reasonable amount for attorney's fees and costs. (R. Doc. 15-1). Defendant also represents that it incurred $3,713.00 in obtaining the Order on the Motion for Contempt. (R. Doc. 15-1 at 2). Defendant arrived at this figure by adding its attorney's fees, in the amount of $3,308.00, and the fees associated with removing the case to federal court, in the amount of $405.00. (R. Doc. 15-1 at 7).

Defendant filed its supporting documents under seal. (R. Doc. 18) (filed under seal). Defendant's records represent that attorney Mark Latham spent 1.8 hours, attorney Nicolette Kraska spent 11.2 hours, and paralegal Robyn Briggs spent 0.5 hours in connection with the Motion for Contempt. (R. Doc. 18-2 at 6). Defendant further represents that Nicolette Kraska charges $240.00 per hour, Mark Latham charges $300.00 per hour, and Robyn Briggs charges $160 per hour for their respective services. (R. Doc. 18-2 at 7).

As with the underlying Motion to Compel (R. Doc. 9) and Motion for Contempt and Enforcement of Court Order (R. Doc. 12), Plaintiff failed to file any timely opposition to the Motion for Fees and Costs (R. Doc. 15). The Court has considered Plaintiff's failure to oppose this motion in determining the amount of recoverable fees.

3

**II.     Law and Analysis**

    **A.     Legal Standards**

The violation of a discovery order allows a court to compel a "disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply.]" Rule 37(b)(2)(C). The "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar calculation involves multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate based on the market for that work in the community. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012); *Forbush v. J.C. Penny Co.,* 98 F.3d 817, 821 (5th Cir.1996).

Once the district court determines the lodestar, "[t]he district court may then adjust the lodestar upward or downward depending on the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)." *Forbush*, 98 F.3d at 821. The *Johnson* factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent;[2] 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

---

[2] The Supreme Court has barred consideration of the *Johnson* factor pertaining to whether the fee was fixed or contingent. *See City of Burlington v. Dague*, 505 U.S. 557, 566-67 (1992).

B.  Analysis

1.  **Removal Fees**

Rule 37(b)(2)(C) requires that the moving party's accrual of attorney's fees and costs be *caused by* the failure of the nonmoving party to comply with a discovery order. In short, the conduct which gave rise to the award of fees is failure to comply with a discovery order, not the removal of this action to federal court. Indeed, it was Defendant's decision to remove this action and pay the associated filing fee. The Court will not award the fee of $400 incurred by Defendant for removing this action.

2.  **Attorney's Fees**

    i.  **Reasonable Hourly Rates**

The first step in ascertaining the lodestar is determining counsel's reasonable hourly rate. This rate is the market rate for similar services by similarly trained and experienced attorneys in the relevant legal community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The relevant legal community is generally the judicial district in which the litigation occurred, here, the Middle District of Louisiana. *See Comar Marine Corp. v. Raider Marine Logistics, LLC*, No. 09-1438, 2016 WL 99208, at *4 (W.D. La. Jan. 7, 2016). "An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested." *Pickney v. Strategic Restaurant Acquisition Co., LLC*, No. 16-0211, 2017 WL 1821125, at *2 (W.D. La. May 4, 2017) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)). The reasonable hourly rate for a particular community may be established based on the affidavits of other attorneys practicing there. *Id.* (citing *Thompson v. Connick*, 553 F.3d 836, 867-68 (5th Cir. 2008)). "[A] district court 'is itself an expert' on the issue of fees and 'may

5

consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.'" *Winget v. Corp. Green, LLC*, No. 09-0229, 2011 WL 2173840, at *6 (M.D. La. May 31, 2011) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Since Plaintiff did not oppose the Motion for Fees, the rates of Mark Latham and Nicolette Kraska as attorneys, and the rate of Robyn Briggs as paralegal, are *prima facie* reasonable. Moreover, the hourly rate of $300.00 for Latham, an attorney with 35 years of experience, is within the range of prevailing market rates for an attorney of his experience. *See, e.g.*, *Hollenbeck v. False River Veterinary Clinic*, No. 20-764, 2021 WL 5467021, at *3 (M.D. La. Nov. 1, 2021) ($300 per hour is reasonable rate of attorney with 27-28 years of experience), *report and recommendation adopted*, 2021 WL 5458418 (M.D. La. Nov. 22, 2021); *Pilkington N. Am., Inc. v. Smith*, No. 11-176, 2014 WL 6633096, at *2 (M.D. La. Nov. 21, 2014) ($340 per hour is reasonable average rate for attorney with more than 25 years of experience); *see also Hamdan v. Tiger Bros. Food Mart Inc.*, No. 15-412, 2018 WL 3029991, at *12 (M.D. La. May 22, 2018) ($375 per hour is reasonable rate for attorney with 30 years of experience), *report and recommendation adopted*, 2018 WL 3028943 (M.D. La. June 18, 2018).

The hourly rate of $240.00 for Nicolete Kraska is arguably on the higher end for an attorney with just over four years of experience, but is not so high as to be manifestly unreasonable and require a reduction in the absence of a challenge. *In re Marine*, No. 20-214, 2023 WL 1823766 (M.D. La. Feb. 8, 2023) (attorney with six years of experience with an hourly rate of $200 was reasonable); *see also Mealy v. Gautreaux*, No. 16-716, 2020 WL 96897, at *2 (M.D. La. Jan. 8, 2020) (reducing the billing rate for six-year attorney from $200 to $175).

6

Finally, the Court concludes that the hourly rate of $160.00 for Robyn Braggs, a paralegal with over 20 years of experience, is reasonable. This finding is supported by decisions from this district which indicate that Brigg's rate is within the range of prevailing market rates for a paralegal with significant experience. *See In re Marine*, 2023 WL 1823766, at *1-2 ($125 per hour is a reasonable rate for a paralegal); *Mealy*, 2020 WL 96897, at *2 ($100 per hour is a reasonable rate for a paralegal).

### ii. Hours Reasonably Expended

To arrive at the lodestar, the court multiplies the approved hourly rates by the number of hours reasonably expended on the case. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008). A plaintiff seeking attorney fees has the burden of showing the reasonableness of the hours billed, including proving they exercised billing judgment. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Accordingly, the fee applicant should submit documentation of the hours charged as well as those written off as unproductive, excessive, or redundant. *Saizan*, 448 F.3d at 799. If the court finds that the fee-seeking attorney failed to exercise billing judgment, it may reduce the hours awarded by a percentage or conduct a line-by-line analysis of the time report. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Green v. Admins. of the Tulane Educ. Fund*, 284 F.3d 642 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Ry. Ci. v. White*, 548 U.S. 53 (2006).

Here, defense counsel seeks to have included in the calculation of reasonable fees a total of 13.5 hours of attorney and paralegal time, spent researching, drafting, and filing Defendant's Motion for Contempt and Enforcement of Court Order, as well as communicating with Plaintiff's counsel with respect to the failure to comply with the Court's orders and attempts to obtain recovery of attorney's fees without court intervention. Notably, Defendant does not seek any

additional attorney's fees with respect to the drafting and filing of the instant Motion for Fees and Costs. The Court has fully reviewed the supporting billing records from October 7, 2024 through November 22, 2024. The timekeeping records support a finding that defense counsel exercised proper billing judgment. The Court finds no basis for concluding that any time spend must be reduced as unproductive, excessive, or redundant.

To be clear, these records were submitted to Plaintiff's counsel, who had the opportunity to negotiate an agreed-upon amount of recoverable costs and expenses without court intervention. Plaintiff's counsel ignored defense counsel's communications, much like Plaintiff's counsel has ignored this Court's orders.

Having considered the record, including the lack of any opposition by Plaintiff, the Court will set the lodestar amount at **$3,308.00** ((11.2 x $240) + (.5 x $160) + (1.8 x $300)).

### iii. Adjustment of the Lodestar Amount

The Court has considered the *Johnson* factors and finds no basis to increase or decrease the lodestar amount.

### III. Conclusion

**IT IS ORDERED** that Defendant's Motion for Fees and Costs (R. Doc. 15) is **GRANTED**. Plaintiff's counsel (Randal Gaines) shall pay Defendant **$3,308.00** within **14 days** of the date of this Order. Counsel shall file a Notice of Compliance or a Notice of Non-compliance with the Court indicating whether payment was timely made. Failure to comply with this Order **shall** result in the issuance of further appropriate sanctions.

Signed in Baton Rouge, Louisiana, on June 5, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**