## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LEILANI RAINE**                                                            **CIVIL ACTION**

**VERSUS**                                                            **NO. 24-265-BAJ-RLB**

**BRANDSAFEWAY LLC, ET AL.**

## ORDER

Before the Court is Defendant's Motion to Compel Subpoena Response filed on July 31, 2025. (R. Doc. 37). The deadline to file an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

On or about April 13, 2023, Leilani Raine ("Plaintiff") initiated this action in the 23rd Judicial District Court, Ascension Parish, Louisiana, naming as defendant BrandSafeway [LLC] ("Defendant") and the fictitious entity XYZ Insurance Company. (R. Doc. 1-1 at 11-13). Plaintiff alleges that she suffered personal injuries while working as an asbestos worker at the BASF plaint in Geismar, Louisiana when she "tripped and fell due to a defective and unreasonably dangerous scaffolding entryway that had been constructed by [Defendant]." (R. Doc. 1-1 at 11-12). Defendant removed this action on April 3, 2024, asserting that an exercise of diversity jurisdiction under 28 U.S.C. § 1332 is proper. (R. Doc. 1).

After removal, Defendant filed a Motion to Compel, which sought an order compelling Plaintiff to provide signed interrogatory responses and written authorizations and an award of reasonable fees. (R. Doc. 8). Plaintiff failed to file a written opposition. The Court granted the Motion to Compel but required the parties to bear their own costs. (R. Doc. 9).

Defendant then filed a Motion for Contempt and Enforcement of Court Order, asserting that Plaintiff failed to comply with the foregoing discovery order. (R. Doc. 12). Again, Plaintiff

failed to file a written opposition. The Court granted Defendant's Motion for Contempt and Enforcement of Court Order in part, ordering Plaintiff to comply with the discovery order, finding Plaintiff in contempt of court for failing to obey the discovery order, and awarding Defendant reasonable attorney's fees and costs pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civi Procedure. (R. Doc. 13). The Court warned Plaintiff that any "further discovery violations may result in more severe sanctions, including dismissal of this action in its entirety." (R. Doc. 13 at 5).

Plaintiff then failed to respond to Defendant's attempts to reach an agreement on the award of reasonable attorney's fees and costs without court intervention. Accordingly, Defendant filed a Motion for Fees and Costs. (R. Doc. 15). Again, Plaintiff failed to file a written opposition. The Court granted the motion, ordering Plaintiff's counsel (Randal Gaines) to pay Defendant $3,308.00 within 14 days of the Order, specifically informing Plaintiff's counsel that failure to comply with the order "shall" result in the issuance of further appropriate sanctions. (R. Doc. 27).

On June 21, 2025, Defendant filed a Notice of Non-compliance informing the Court that Plaintiff's counsel failed to make the payment by the date ordered. (R. Doc. 28).

On July 31, 2025, Defendant filed the instant Motion to Compel Subpoena Response, which seeks an order compelling Plaintiff to fully comply with a subpoena duces tecum served on her, through her counsel, on February 15, 2025. (R. Doc. 37). The motion represents that the subpoena was issued because Plaintiff's counsel failed to provide deposition dates for the Plaintiff.  Plaintiff again failed to file a timely opposition.

On March 18, 2025, Plaintiff appeared at her deposition represented by a non-attorney of record. (*See* R. Doc. 37-2).[1] Plaintiff testified that she had never seen the subpoena before the deposition. (*See* R. Doc. 37-32 at 2). Defendant represents that Plaintiff never objected to the subpoena, and that several documents sought (including Plaintiff's tax returns, medical records, out-of-pocket expenses related to the incident, and her training certifications) had still not been produced. (*See* R. Doc. 37-1 at 4-5). Plaintiff's counsel's last communication in the record to defense counsel on June 11, 2025 resulted in the production of a single medical record for expenses totaling $2,776.  (R. Doc. 37-1 at 5; *see* R. Doc. 37-4).

After reviewing the instant motion and considering the record, the Court set an in-person hearing, requiring Plaintiff's counsel to be prepared to address his and his client's failures to comply with their discovery obligations and court orders. (R. Doc. 41).

On August 11, 2025, Defendant filed a Notice of Continued Noncompliance informing the Court that Plaintiff's counsel had still not complied with the Court's order requiring the $3,308.00 payment. (R. Doc. 28).

On August 26, 2025, Plaintiff's counsel (Randal Gaines) failed to appear at the hearing as ordered. (R. Doc. 44).

Having considered the record, including Plaintiff's failure to respond to any of motion filed by Defendant,[2] Plaintiff's counsel's failure to appear at the foregoing hearing, the Court will recommend by separate filing that Plaintiff's claims in this action be dismissed pursuant to Rule 37(b) for failure to comply with the Court's orders and failure to prosecute this matter. *See* Fed. R. Civ. P. 37(b)(2).

---

[1] The deposition transcript identifies this individual solely as "Mr. Bright." (*See* R. Doc. 37-2).
[2] Plaintiff failed to respond to four motions related to discovery. (*See* R Docs. 8, 12, 15, 47). Plaintiff also failed to respond to Defendant's Motion to Dismiss (R. Doc. 14) and Motion for Summary Judgment (R. Doc. 38).

**IT IS ORDERED** that the Motion to Compel Subpoena Response (R. Doc. 31) is **GRANTED**. The Court, however, will not order any additional discovery to be produced, or any additional fees and expenses to be paid, at this time, given the forthcoming recommendation that Plaintiff's claims in this action be dismissed. Defendant may file a renewed motion to compel, with the subpoena attached, if this action is not dismissed by the district judge pursuant to the undersigned's recommendations or in light of the pending unopposed dispositive motions.

Signed in Baton Rouge, Louisiana, on August 28, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**